IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN WOLOSHEN,                §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:08-CV-0634-D
VS.                            §
                               §
STATE FARM LLOYDS, et al.,     §
                               §
            Defendants.        §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff's motion to remand presents the question whether the removing insurer defendant has satisfied its heavy burden of establishing improper joinder of the Texas-citizen defendant, a claims adjuster acting on behalf of the insurer. Concluding that it has not met its heavy burden, the court grants plaintiff's motion and remands this case to county court.

I

Plaintiff Brian Woloshen ("Woloshen") sued defendants State Farm Lloyds ("State Farm") and Chris Jessen ("Jessen") in county court. The suit arises from State Farm's denial of a claim for foundation damage that Woloshen submitted under his homeowner policy. Jessen was the claims adjuster who handled the claim on behalf of State Farm. After State Farm denied his claim, Woloshen sued State Farm for breach of the duty of good faith and fair dealing, and Jessen for tortious inference and for aiding and abetting in the unreasonable denial of his claim. Woloshen alleged

in his county court petition that State Farm and Jessen failed to timely adjust his claim and to fully honor the duties and obligations under the policy.

State Farm removed the case to this court based on diversity of citizenship, contending that Jessen's citizenship must be disregarded because he has been improperly joined to defeat diversity jurisdiction. State Farm maintains that Jessen cannot be liable for breach of the duty of good faith and fair dealing as a matter of law; that as an agent of State Farm he cannot be held liable for tortious interference of contract; and that he cannot be liable for aiding and abetting State Farm for breach of the duty of good faith and fair dealing. State Farm moves to dismiss Woloshen's claims against Jessen, and Woloshen moves to remand.[1]

II

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at

---

[1] Because the court concludes that State Farm has failed to establish improper joinder, the court need not reach State Farm's motion to dismiss, nor need it decide Woloshen's motion for leave to file first amended complaint.

576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[2] *Id.* The court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

Therefore, if State Farm fails to meet its heavy burden of establishing that there is no reasonable basis for this court to predict that Woloshen might be able to recover against Jessen under

---

[2] "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

Texas law, this case must be remanded to state court.

III

A

State Farm contends that, under Texas law, an insurer does not owe its insured a fiduciary duty, and therefore that Woloshen's reliance on Texas cases that recognize a cause of action for aiding and abetting a breach of fiduciary is misplaced.[3] Further, State Farm maintains that because aiding and abetting, like civil conspiracy, is a derivative tort, to prevail on the aiding and abetting claim, Woloshen must allege a breach of good faith and fair dealing claim against Jessen. In support, State Farm relies on the Texas requirement that "an actionable conspiracy must consist of acts that would have been actionable against the

---

[3]State Farm first points out that courts have generally not used the phrase "aiding and abetting" in the breach of fiduciary duty context, but have simply held that where a party knowingly participates in the breach of duty of a fiduciary, the party becomes a joint tortfeasor with the fiduciary. Although the seminal and principally cited case in this area does not in fact employ the term "aiding and abetting", *see Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942) (cited for the proposition that "[i]t is settled as the law of this State that where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such"), subsequent cases have construed the principle as recognizing an "aiding and abetting" (or similarly worded) theory of liability. *See, e.g., Hendricks v. Thornton,* 973 S.W.2d 348, 372 (Tex. App. 1998, pet. denied) *(citing Kinzbach Tool Co.* to disagree with a party's contention that Texas law does not recognize a cause of action for aiding and abetting a breach of fiduciary duty); *Sw. Tex. Pathology Assocs., L.L.P. v. Roosth,* 27 S.W.3d 204, 208 (Tex. App. 2000, pet. dism'd) ("A third party who knowingly aids and assists in the breach of a fiduciary duty may also be liable.") (citations omitted).

conspirators individually." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App. 2007, no pet.).

State Farm also cites *Juhl v. Airington,* 936 S.W.2d 640, 641 (Tex. 1996), in which the Supreme Court of Texas considered the applicability of the "concert of action" theory of tort liability, as described in the Restatement (Second) of Torts § 876 (1977),[4] in a suit brought by a police officer against protesters for an injury he allegedly sustained. The court noted as a general principle that "the purpose of concert of action theory is to deter antisocial or dangerous behavior," and concluded based on the facts of the case that "defendants' conduct was simply not the type of highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." *Id.* at 644-45 (citations omitted).

---

[4]Section 876:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (1979).

State Farm contends that Woloshen's aiding and abetting claim is a "concert of action" tort, but that it does not concern the sort of antisocial or dangerous behavior for which courts have imposed liability, as exemplified in *Juhl*. State Farm thus concludes that Woloshen's theory of liability against Jessen is not recognized under Texas law.

Woloshen maintains that Texas law does not limit aiding and abetting liability to breach of fiduciary duty cases, but instead applies this liability broadly. In support, Woloshen principally relies on a treatise, Michol O'Connor & Leslie C. Taylor, *O'Connor's Texas Causes of Action* at 1087-1101 (2007) ("O'Connor's"), which does not limit the kinds of duties to which aiding and abetting liability can apply, but instead states the duty requirement in general terms: "to prove assisting-or-encouraging liability under Section 876(b), the plaintiff must establish the primary actor had a duty to the plaintiff and breached that duty, resulting in tort liability."[5]  *Id.* at 1089. O'Connor's further explains that "[t]he tort can be ordinary negligence, gross negligence, or an intentional tort.  If the primary actor does not owe a duty to the plaintiff, there can be no

---

[5]O'Connor's explains that "[t]o simplify the discussion of aiding-and-abetting liability, we use the same terms as Restatement (2d) of Torts section 876: 'assisting' instead of aiding, and 'encouraging' instead of abetting."  O'Connor's at 1087. Accordingly, for the purposes of addressing Woloshen's motion, the court applies the terms interchangeably.

breach of duty and no assisting-or-encouraging liability by the defendant." *Id.* The Texas cases cited as examples of factual scenarios that support the breach of duty element of § 876(b) assisting-or-encouraging liability involve driving while intoxicated,[6] assault,[7] breach of fiduciary duty,[8] and right to privacy.[9] *Id.*

State Farm responds that none of the Texas cases cited in O'Connor's has recognized the tort of aiding and abetting an insurance company in the unreasonable denial of a claim, and that "assisting an insurance company in the unreasonable denial of a claim is not the sort of antisocial or dangerous behavior for which concert of action liability has been imposed by any of the Texas lower appellate courts." D. Br. 7

B

Applying the improper joinder standard, the court holds that State Farm has failed to carry its heavy burden of demonstrating that there is no reasonable basis for the court to predict that

---

[6]*Shinn v. Allen*, 984 S.W.2d 308 (Tex. App. 1998, no pet.).

[7]*Stein v. Meachum*, 748 S.W.2d 516 (Tex. App. 1988, no writ).

[8]*Hendricks v. Thornton,* 973 S.W.2d 348 (Tex. App. 1998, pet. denied).

[9]*Clayton v. Richards*, 47 S.W.3d 149 (Tex. App. 2001, pet. denied).

Woloshen might be able to recover against Jessen.[10] Although the *Juhl* court noted that "instances where concert of action liability has been imposed *have almost always* involved conduct posing a high degree of risk to others," *Juhl,* 936 S.W.2d at 645 (emphasis added), Texas courts have in fact imposed aiding and abetting liability in other contexts. As noted in O'Connor's, Texas courts have applied this theory of liability in cases involving the right of privacy and breach of fiduciary duty. Although State Farm correctly points out that Texas law does not impose a fiduciary duty on an insurer,[11] and that therefore the line of cases imposing aiding and abetting liability in the context of a breach of fiduciary duty is not directly on point, State Farm fails to show that there is a principled distinction between the fiduciary duty and the duty of good faith and fair dealing such that, as a matter of law, aiding and abetting liability can be imposed in one context but not in the other. Although the court is unaware of any cases

---

[10]Because the court bases this conclusion on its analysis of Woloshen's aiding and abetting claim, it need not address the arguments concerning the viability *vel non* of his tortious interference claim.

[11]State Farm also notes that, under *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994), an agent for an insurance carrier, who is not a party to a contract with the insured, cannot be held liable for breach of good faith and fair dealing. Although State Farm's alleged breach of good faith and fair dealing is the predicate claim for Woloshen's aiding and abetting claim against Jessen, Woloshen does not assert a claim of breach of good faith and fair dealing against Jessen. State Farm's reliance on *Natividad* is therefore misplaced.

that have specifically recognized aiding and abetting as a theory of liability in a case involving a breach of the duty of good faith and fair dealing, the court is unable to conclude that there is no reasonable basis to predict that a Texas court, analogizing from breach of fiduciary cases, might allow Woloshen's theory of recovery. Moreover, at least some of the cases applying aiding and abetting liability have stated the governing principle in broad enough terms to encompass Woloshen's theory of liability. *See, e.g., Clayton v. Richards*, 47 S.W.3d 149, 154 (Tex. App. 2001, pet. denied) ("The general rule in Texas is that those who pursue a common plan or design to commit a tortious act, actually take part in it or further it by cooperation or request, or to lend aid to the wrongdoer, or ratify or adopt his act are also liable for the tortious act.").

Furthermore, the court finds unavailing State Farm's argument that because aiding and abetting, like conspiracy, is considered a derivative tort, Woloshen must a assert a claim for breach of good faith and fair dealing against Jessen. State Farm fails to point to any case law that plainly establishes that, to be liable on an aiding and abetting claim, the defendant must also be individually liable for the predicate offense that gives rise to it. Although State Farm proffers case law requiring that an alleged conspirator be individually liable on the tort underlying a civil conspiracy claim, *see Miller*, 229 S.W.3d at 381, it is not clear that

liability based on aiding and abetting is subject to the same limitation. Texas courts have recognized a cause of action for aiding and abetting another person's breach of fiduciary duty where the defendant did not itself breach or even owe a fiduciary duty to the plaintiff. *See*, *e.g.*, *Hendricks v. Thornton*, 973 S.W.2d 348, 372 (Tex. App. 1998, pet. denied) (reasoning that claim for aiding and abetting breach of fiduciary duty "of another" is "distinct" from claim for breach of fiduciary duty); *Sw. Tex. Pathology Assocs., L.L.P. v. Roosth*, 27 S.W.3d 204, 208 (Tex. App. 2000, pet. dism'd) (stating that "third party" may be liable for aiding and abetting a spouse to breach the marital fiduciary duty owed to the other spouse). Nor is *Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co.*, 51 S.W.3d 573 (Tex. 2001), which State Farm also cites, to the contrary. In *Ernst & Young* the court merely declined to "consider whether Texas law recognizes a cause of action for 'aiding and abetting' fraud separate and apart from a conspiracy claim." *Id*. at 583 n.7. The court did not decide whether a defendant who is not itself liable for fraud could nonetheless be liable for aiding and abetting another person's fraud. *See id*. at 583.

\* \* \*

Accordingly, construing, as it must, all ambiguities of fact or law in favor of Woloshen, the court holds that State Farm has failed to satisfy its heavy burden of establishing that Jessen—the

in-state defendant—was improperly joined. The court grants Woloshen's May 14, 2008 motion to remand, because the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This action is remanded to County Court at Law No. 2 of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

September 2, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE